IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-40057
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO SALAZAR-GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-810-1

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pedro Salazar-Garcia ("Salazar-Garcia") was convicted of illegal re-entry into the United States after having been deported and was ordered to serve a 70-month term of imprisonment followed by a three-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

year term of supervised relief.  This Court affirmed the sentence imposed by the District Court.  The United States Supreme Court granted certiorari, vacated the judgment and remanded to this Court for further consideration in light of Gall v. United States, 128 S.Ct. 586 (2007).  Salazar-Garcia seeks remand to the district court for re-sentencing, and the United States seeks summary re-entry of this Court's 2007 order.

Gall establishes a two-part framework for appellate review of federal sentencing.  Gall, 128 S. Ct. 586, 597 (2007).  The appellate court must first "ensure that the district court committed no significant procedural error, such as... failing to adequately explain the chosen sentence."  Id.  Second, the court examines the sentence's substantive reasonableness. Id. The standard of review under both parts of the analysis is abuse of discretion.  Id.

Salazar-Garcia claims that the district court committed a significant procedural error by failing to adequately explain the sentence it chose.  Because Salazar-Garcia did not object to this error below, we review the procedural reasonableness of the sentence only for plain error.  See United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir. 2007).  The district court did not commit plain error in imposing the sentence; the judge properly calculated and applied the advisory Guidelines sentence, and as justification for the sentence adopted the findings in the presentence report.

Salazar-Garcia next argues that the sentence was substantively unreasonable as it was excessive, and that it should not be entitled to deference because the basis for the Guidelines sentence for illegal re-entry is not empirically grounded.

In our affirmation of the District Court's sentence, we applied a presumption of reasonableness to sentences that fall within the range of the Guidelines.  United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006) and Rita

2

v. United States, 127 S. Ct. 2456, 2462-66 (2007). This holding is unchanged by Gall. Under Gall, "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Gall, 128 S. Ct. at 597 (citing to Rita, 127 S. Ct. at 2462). Salazar-Garcia is unable to rebut the reasonableness presumption we apply in this case. The district judge considered Salazar-Garcia's objections to the presentence report as well as Salazar-Garcia's argument that the sentence was excessive given that it was a four-fold increase from the one he had received earlier.

We likewise reject Salazar-Garcia's related argument that Guideline § 2L1.2)) the illegal re-entry guideline under which he was sentenced)) is entitled to little deference because it is not empirically grounded. Salazar-Garcia primarily relies upon the companion case to Gall, Kimbrough v. United States, 128 S.Ct. 558 (2007), in which the Supreme Court held that district courts did not abuse their discretion by departing from the advisory Sentencing Guidelines based on their disagreement with the sentencing disparity for crack and powder cocaine offenses. However, the district court was not foreclosed by our pre-Kimbrough precedent from imposing a lower sentence than that advised by § 2L1.2. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008); United States v. Gomez-Herrera, 523 F.3d 554, 558 n.1 (5th Cir. 2008). We see no reason not to apply the presumption of reasonableness to the district court's decision not to depart from the Guideline in this case.

Salazar-Garcia has not demonstrated that the sentence imposed by the district court was procedurally or substantively unreasonable under Gall. We therefore AFFIRM the judgment of the district court.